**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 10 CV 2101 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| PATRICIA SCHNEIDER, an individual; | ) |
| CONDITIONED OCULAR | ) |
| ENHANCEMENT, INC., an Illinois | ) |
| Corporation; DRIVE PERFORMANCE | ) |
| CORP., an Illinois Corporation, f/k/a | ) |
| FASTTRACK BASEBALL CORP. INC., | ) |
| NATIONAL BASEBALL AND SOFTBALL | ) |
| ACADEMY, INC., d/b/a ITRAC VISION | ) |
| TRAINING; and DRIVE PERFORMANCE | ) |
| WHEELING, LLC, an Illinois Limited | ) |
| Liability Company, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Thomas Davidson, the owner of High Tech Vision Training, has brought suit against Patricia Schneider, Conditioned Ocular Enhancement, Inc. ("COE"), Drive Performance Corp., and Drive Performance Wheeling, LLC ("Drive Performance Wheeling") (collectively, "defendants"),[1] claiming breach of a settlement agreement; non-infringement, misuse, and invalidity of U.S. Patent No. 6,440,405 ("the '408 patent"); and tortious interference with prospective economic advantage. Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and motion to strike pursuant to Rule 12(f).[2] For the reasons set forth below, defendants' motion [#15] is granted in part and denied in

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.
[2] While designated only as a motion under Rule 12(b)(6), defendants' arguments regarding Davidson's patent counts implicate the court's subject matter jurisdiction and thus Rule 12(b)(1).

part.

**BACKGROUND**

The following facts are alleged in the complaint and are presumed true for the purpose of resolving the pending motion: Davidson is the owner of a business, High Tech Vision Training, which provides ocular vision training to baseball and softball players. Davidson has trained major league, minor league, and collegiate baseball teams and individual players in ocular vision training.

COE, Drive Performance Corp., and Drive Performance Wheeling are related business entities having the same web page and the same place of business. Like Davidson's business, they provide ocular vision training. Schneider is the sole manager of Drive Performance Wheeling, the president of COE, and the principal of Drive Performance Corp. COE is the assignee of the '408 patent.

COE, Schneider, and Davidson were previously engaged in litigation in this district. *See Conditioned Ocular Enhancement, Inc.* v. *Bonaventura*, No. 05 CV 2153.[3] In 2008, they entered a Confidential Settlement and Release Agreement to resolve the case. As part of the settlement agreement, Schneider and COE granted Davidson a paid up royalty free license to the '408 patent. Schneider and COE also agreed that they would not disparage Davidson or his business activities in any way. All successors and assigns, affiliated entities, shareholders, officers, directors, employees, agents, and related companies of COE and Schneider are bound by the agreement, including Drive Performance Wheeling and Drive Performance Corp.

---

[3] Drive Performance Wheeling and Drive Performance Corp. do not appear to have been involved in the previous dispute.

Despite the terms of the settlement agreement, the defendants have, through their agent Eric Maleski, disparaged Davidson and accused Davidson of patent infringement in conversations with at least Michelle Thiry and Michael Hill, potential customers of Davidson's and Schneider's businesses. Maleski has stated that Davidson is not "allowed to be legally engaged in performing vision training of any kind," that Davidson is infringing the '408 patent, and that doing business with Davidson "might cause litigation." Compl. ¶¶ 28, 31. He also represented that Davidson's techniques do not work to improve vision training.

## ANALYSIS

**I.  Motion to Strike**

Before reaching defendants' challenges to Davidson's individual claims, the court must consider their request to strike the declarations and affidavits attached to Davidson's complaint. A motion to strike material from a pleading may be granted as to matter that is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and a court "ordinarily will not strike a pleading unless the court can confidently conclude that it is prejudicial to the objecting party." *McDowell* v. *Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009). Some exhibits are appended as factual support for Davidson's allegations. Others contain more detail than the allegations in the body of the complaint and occasionally repeat what is directly stated in the body of the complaint. While a complaint need not plead evidence, defendants have not pointed to any harm that arises from maintaining the affidavits and declarations as part of the pleadings. The exhibits will be considered in addressing the remainder of defendants' arguments. *See Marks* v. *CDW Computer*

*Ctrs., Inc.*, 901 F. Supp. 1302, 1309 (N.D. Ill. 1995) (considering exhibits to complaint in analyzing motion to dismiss).

Insofar as the motion to dismiss is denied, however, defendants will be obligated to answer the allegations of the complaint. Defendants are correct that the complaint fails to comply with the short and plain statement of the facts pleading rule, making it unduly burdensome to answer. The paragraphs consist of several sentences and often express more than one concept. Some paragraphs include references to testimony contained in attached declarations and affidavits of witnesses. Numerous evidentiary documents are attached as exhibits. This is unnecessary surplusage. Before the court will direct the defendants to answer, plaintiff must file an amended complaint. The amended complaint shall consist of numbered sentences (rather than paragraphs). Each allegation shall be directed at the elements of proof such that surplus evidentiary information is omitted. Evidentiary exhibits and declarations other than the referenced settlement agreement shall not be attached.

## II.     Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also*

*Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

### A. Breach of Settlement Agreement (Count 1)

To state a claim for breach of contract, Davidson must allege (1) the existence of a valid contract; (2) performance of his own contractual obligations; (3) breach of contract by defendants; and (4) resulting damages. *Akinyemi* v. *JP Morgan Chase Bank, N.A.*, 908 N.E.2d 163, 168, 391 Ill. App. 334, 330 Ill. Dec. 311 (2009). Defendants argue that Davidson has not stated his claim in accordance with Rule 8's instruction that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). They argue that, instead, he has submitted "a meandering conglomeration of conclusory statements and vague allegations." Defs.' Mot. to Dismiss at 3. While Davidson's complaint is hardly a model pleading, it contains sufficient factual matter to state a plausible claim for breach of the settlement agreement. The existence of the settlement agreement is undisputed, and it may be inferred that Davidson has complied with his obligations under it. The complaint identifies several instances of breaching conduct, including Maleski's accusations that Davidson was not "allowed to be legally engaged in performing vision training of any kind" and that doing business with Davidson "would be a bad thing which might cause litigation." Compl. ¶¶ 28, 31. The complaint also pleads that Davidson's reputation and business have been damaged by defendants' breaching conduct. These allegations, and the detail provided regarding specific claimed breaches, are enough to

5

give defendants fair notice of the claims against them and allow Davidson to proceed to discovery on this claim.

B. **Tortious Interference with Prospective Economic Advantage (Count 5)**

To state a claim for tortious interference with prospective economic advantage, Davidson must allege: (1) his reasonable expectation of entering into a valid business relationship; (2) defendants' knowledge of his expectancy; (3) purposeful interference by defendants that prevents his legitimate expectancy from being fulfilled; and (4) damages resulting from the defendants' interference. *Jim Mullen Charitable Found.* v. *World Ability Fed., NFP*, 917 N.E.2d 1098, 1111, 395 Ill. App. 3d 746, 335 Ill. Dec. 34 (2009) (quoting *Voyles* v. *Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1133-34, 196 Ill. 2d 288, 256 Ill. Dec. 289 (2001)). Defendants argue that Davidson's claim once again fails because it is only supported by vague and conclusory allegations. Davidson, however, has properly alleged all four elements of the claim to make his right to relief plausible. He claims business relationships with collegiate, major and minor league baseball teams, as well as individual players, and that defendants knew about these relationships, evidenced by actions taken in the parties' prior lawsuit. Additionally, he claims defendants have taken deliberate action to prevent such teams and individuals from working with Davidson's company and that this interference has damaged him. These allegations are sufficient to withstand a motion to dismiss.

III. **Declaratory Judgment Claims (Counts 2, 3, and 4)**

In counts 2, 3, and 4, Davidson seeks a declaratory judgment that the '408 patent is invalid, is being misused by the defendants, and is not infringed by his conduct. The Declaratory Judgment Act limits issuance of a declaratory judgment to cases of "actual controversy."

6

28 U.S.C. § 2201(a). If no actual controversy exists between the parties regarding the subject on which a declaratory judgment is sought, the court lacks subject matter jurisdiction. *Aetna Life Ins. Co.* v. *Haworth*, 300 U.S. 227, 239-40, 57 S. Ct. 461, 81 L. Ed. 617 (1937); *Micron Tech., Inc.* v. *Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). A declaratory judgment "may not be the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman* v. *Breeze Corp.*, 323 U.S. 316, 324, 65 S. Ct. 298, 89 L. Ed. 264 (1945).

Subject matter jurisdiction under the Declaratory Judgment Act exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.* v. *Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (quoting *Md. Cas. Co.* v. *Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)).[4] "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp.* v. *STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). In order to obtain declaratory relief, then, Davidson must show that the dispute over the '408 patent

---

[4] Prior to the Supreme Court's decision in *MedImmune*, a two-pronged test was used to determine whether an actual controversy existed in a patent case, requiring allegations of (an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity that could constitute infringement or concrete steps taken with the intent to conduct such activity. *Fina Research, S.A.* v. *Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998). The Supreme Court rejected the reasonable apprehension of suit test in *MedImmune*. 549 U.S. at 132 n.11.

is "definite and concrete, touching the legal relations of parties having adverse legal interests; . . . "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127. A defendant is not required to have made an express charge of infringement or threatened suit. *Goodyear Tire & Rubber Co.* v. *Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). Representations made to third parties standing alone, however, do not establish a justiciable controversy. *See Innovative Therapies, Inc.* v. *Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010). Thus, a defendant's contact with customers to inform them that plaintiff is not authorized to sell defendant's product is not sufficient. *See West Interactive Corp. v. First Data Res., Inc.,* 972 F.2d 1295 (Fed. Cir. 1992) (no actual controversy where plaintiff's sole source of apprehension was patentee's alleged statement to an unrelated party that plaintiff was infringing its patents); *Ortho-Tain, Inc.* v. *Rocky Mtn. Orthodontics, Inc.,* No. 05 C 6656, 2006 WL 3782916, at *2 (N.D. Ill. Dec. 20, 2006) (no controversy where defendant sent postcards to customers advising that the plaintiff was not authorized to sell its products).

Davidson's allegations fall short of establishing action by defendants that would suffice to establish a substantial controversy warranting the issuance of a declaratory judgment. The only allegations related to defendants' actions with regard to the '408 patent involve statements made by one of their employees to prospective customers suggesting that Davidson was infringing and that involvement with Davidson's company could potentially lead to litigation. Such statements to third parties are not enough to establish a definite and concrete dispute between the parties involving the '408 patent. Thus, Counts 2, 3 and 4 will be dismissed.

**CONCLUSION AND ORDER**

For the reasons set forth above, defendants' motion to dismiss [#15] is granted in part and denied in part. Counts 2, 3 and 4 are dismissed without prejudice. If Davidson believes in good faith he can allege additional facts that, if proved, would permit the inference of a definite and concrete dispute, Davidson may include such claims in his amended complaint, which shall be filed on or before March 30, 2011. The case will be called for a status hearing on March 31, 2011, at 8:30 a.m.


Dated: March 11, 2011                    Enter: _____
                                                JOAN HUMPHREY LEFKOW
                                                United States District Judge