# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | Daniel G. Martin |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2101 | **DATE** | 1/22/2013 |
| **CASE TITLE** | Thomas Davidson vs. Patricia Schneider, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Second Set of Requests for Production of Documents and Things [77] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This action arises out of an alleged breach by Defendants of a settlement agreement in *Conditioned Ocular Enhancement, Inc. et al. v. Bonaventura et al.*, N.D. Ill. Case No. 05 C 2153. Plaintiff Thomas Davidson ("Davidson") now moves to compel production of Defendants' and non-party Eric Maleski's tax returns. For the following reasons, Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Second Set of Requests for Production of Documents and Things [77] is denied.

### Background

Davidson owns High Tech Vision Training, a business which provides ocular vision training to baseball and softball players. Davidson has trained major league, minor league, and collegiate baseball teams and individual players in ocular vision training. As the Court understands it, Defendants Conditioned Ocular Enhancement, Inc. ("COE"), Drive Performance Corp., and Drive Performance Wheeling LLC ("Drive Performance Wheeling") are related business entities providing ocular vision training. Defendant Patricia Schnedier is president of COE, the principal of Drive Performance Corp., and the sole manager of Drive Performance Wheeling. COE is the assignee of U.S. Patent No. 6, 447,408 ("the '408 patent"), entitled Ocular Enhancement Training System.

COE, Schneider, and Davidson were previously engaged in litigation in this district. In 2008, these parties entered a settlement agreement to resolve the case. As part of the settlement agreement, Schneider and COE granted Davison a paid up royalty free license to use the '408 patent. Schneider and COE also agreed that they would not disparage Davidson or his business activities in any way. Davidson alleges that all successors and assigns, affiliated entities, shareholders, officers, directors, employees, agents and related companies of COE and Schneider are bound by the settlement agreement, including Drive Performance Corp. and Drive Performance Wheeling.

## STATEMENT

In this lawsuit, Davidson alleges that the Defendants, through their agent Eric Maleski, disparaged Davidson and accused Davidson of patent infringement in conversations with potential customers of Davidson's and Schneider's businesses. Davidson also alleges that Maleski has stated that Davidson is not "allowed to be legally engaged in performing vision training of any kind," that Davidson is infringing the '408 patent, and that doing business with Davidson "might cause litigation." Fourth Am. Cmplt. ¶ 31. Maleski allegedly represented that Davidson's techniques do not work to improve vision training. Id. at 32. Davidson brings a two count complaint for breach of settlement agreement and tortious interference with prospective economic advantage. Defendants deny Davidson's claims and deny that Davidson has incurred any damages as a result of Defendants' conduct.

This case has been referred to the undersigned Magistrate Judge by District Judge Lefkow for discovery supervision and all discovery motions, including resolution of Plaintiff's instant Motion to Compel [77]. (Docs. 60, 80). Plaintiff's Motion to Compel was filed on December 20, 2012, and fact discovery closed the next day on December 21, 2012. (Doc. 71). The district court set a response brief deadline of January 10, 2013. (Doc.79). The motion to compel is fully briefed and ripe for ruling.

## Discussion

In his motion, Davidson seeks to compel documents responsive to his Document Request Nos. 1-3, which request Defendants' federal and state income tax returns with all schedules for the years 2005 through 2011, Eric Maleski's federal and state income tax returns with all schedules for the years 2005 through 2011, and federal and state income tax returns with all schedules for the years 2005 through 2011 "that relate in any way or mention in any way Eric Maleski." (Doc. 77-1 at 2). Defendants objected to production of their tax returns on relevancy grounds. As for Eric Maleski's tax returns, Defendants responded that they do not have possession or access to the requested documents.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a showing of good cause, a court may order "discovery of any matter relevant to the subject matter involved in the action." Id. "Tax returns in the hands of the taxpayer are not privileged" or otherwise protected from discovery. Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992). "That is not to say that tax returns are discoverable for the asking. They are not. Like all other evidence sought in discovery, the returns must be relevant." Jackson v. N'Genuity Enterprises Co., 2010 WL 4928912, at *2 (N.D. Ill. Nov. 29, 2010).

Davidson argues that Defendants' tax returns will show "the connection between Schneider and the various corporate and other named entities that Schneider operates and does business under, including iTrac, etc. for both liability for breach of the settlement agreement and damages purposes at the very least." (Doc. 77 at 2-3). Davidson points out that Schneider, who executed the settlement agreement on behalf of her company COE, is operating her vision training business under different corporate entities and names, including Defendants Drive Performance Corp. and Drive Performance Wheeling. Davidson maintains that Drive Performance Corp. d/b/a iTrac Vision Training and Drive Performance Wheeling are affiliated companies and/or related companies of COE and/or Schneider bound by the settlement agreement. Davidson speculates that "Defendant Schneider's maze of interlocked companies and operating business [is] apparently designed to somehow hide or shield her activities." (Doc. 77 at 7). In their response brief, Defendants contend that their tax returns are not relevant because they have not put their income at issue. Defendants also point out that tax returns are confidential between the taxpayer and the government.

Defendants' objections to production of their tax returns are sustained. Despite the broad scope of discovery under the federal rules, Davidson has failed to demonstrate that the tax returns sought are relevant to this action. Defendants' income and financial situation is not at issue in this case. The main issue in this case is whether Defendants (through Maleski) disparaged Davidson and his business activities, thereby

| STATEMENT |
|---|

breaching the settlement agreement and tortiously interfering with Davidson's business expectancies in the hitting instruction and ocular training industry. It is not evident and Davidson has not adequately explained how the tax returns are relevant to resolving this issue. The Court does not understand how the tax returns will show that Schneider is "hiding or attempting to shield herself and/or activities under a maze of different companies and entities" for purposes of the claims or defenses in this action. Nor does Davidson offer any explanation as to what further information he seeks to supplement the information already given or to clarify the relationship between the various Defendant entities. Defendants have already provided Davidson with a list of corporate officers for the corporate Defendants, including Schneider's role in each corporate entity. (Doc. 81-4). Defendants have also admitted in their Answer that Schneider is the president of CEO, the manager of Driver Performance Wheeling, and the principal of Drive Performance Corp. (Doc. 30 ¶ 18).

With regard to Eric Maleski, Defendants state that Eric Maleski is a former employee of COE. (Doc. 81 at 2). In their Answer, Defendants admitted that Maleski is an employee of Drive Performance Wheeling. (Doc. 35 at ¶ 30). Davidson argues in his motion that at the start of this lawsuit in 2010, "Defendants should have had all copies of federal and state tax returns in their possession . . . relating to employees, agents, or contractors, not the least of what should have been a litigation hold on such documents." (Doc. 77 at 7). Davidson continues that the absence of such documents entitles him to an adverse inference at trial.

Davidson's motion to compel Maleski's tax returns is denied for three reasons. First, Maleski is not a party to this action, and Maleski's tax returns are not in Defendants' "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); Hobley v. Burge, 433 F.3d 946, 950 (7th Cir. 2006) (holding Rule 34, which governs requests for documents "in the possession, custody, or control" of one's opponent, applies only to parties.). Second, Davidson has not explained why Maleski's income and tax returns are in any way relevant to Davidson's breach of settlement agreement or tortious interference claims. Third, Davidson's spoliation and adverse inference argument is misplaced and rejected. A "litigation hold" is intended to ensure that relevant evidence will not be destroyed or deleted. Here, there is absolutely no evidence in the record of destruction of the tax returns pursuant to a routine destruction policy or otherwise.

### **Conclusion**

For these reasons, Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Second Set of Requests for Production of Documents and Things [77] is denied.